Case 2:08-cv-05689-PA-E   Document 5   Filed 09/15/08   Page 1 of 3   Page ID #:35

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05689 PA (Ex) | Date | September 15, 2008 |
|---|---|---|---|
| Title | U.S. Bank. Nat'l Assn. v. Rosa Maria Baez | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Rosa Maria Baez ("Defendant") on August 29, 2008. Defendant, representing herself pro se, claims that this Court has jurisdiction over the action against her by U.S. Bank National Association, as Trustee for Lehman Brothers-Structured Asset Securities Corporation SASCO 2007-BNC1 ("Plaintiff"). Defendant asserts that this court has jurisdiction on grounds of both a federal question and diversity. See 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); see also Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) ("The defendant also has the burden of showing that it has complied with the procedural requirements for removal."). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    A defendant seeking removal must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on the defendant. 28 U.S.C. § 1446(a). "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." 28 U.S.C. § 1446(b); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998). Remand is mandatory if a case is removed in an untimely manner. Schmitt v. Ins. Co. of N. Am., 845 F.2d 1546, 1551 (9th Cir. 1988).

SEND
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05689 PA (Ex) | Date | September 15, 2008 |
|---|---|---|---|
| Title | U.S. Bank. Nat'l Assn. v. Rosa Maria Baez | | |

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

There are several significant problems with Defendant's Notice of Removal. First, Defendant alleges that "[i]t has been less than 30 [thirty] days since 'either' the filing and commencement of the state court action and/or service of the documentation detailing the trial of the matter, from the plaintiff, upon the Defendant and Moving Party, Rosa Maria Baez." (Notice of Removal, p. 3.) The state court action, for unlawful detainer, was filed on June 18, 2008. Plaintiff, however, does not clarify when she was served. It is therefore unclear to the Court that Plaintiff actually removed this action within thirty days. See 28 U.S.C. § 1446(b); Parrino, 146 F.3d at 703.

However, even assuming the action was removed in a timely manner, Defendant's jurisdictional allegations are insufficient. Defendant has not explained what federal law this unlawful detainer action could "arise under" to satisfy jurisdiction under 28 U.S.C. § 1331. As for diversity jurisdiction under 28 U.S.C. § 1332, Defendant alleges she is a citizen of the United States of America and a resident of the State of California. It is unclear whether Defendant is domiciled in California. See Kanter, 265 F.3d at 857. The Notice of Removal gives no indication of Plaintiff's citizenship. Finally, Defendant's allegation that she believes the amount in controversy exceeds $75,000 is insufficient, particularly in light of Plaintiff's allegation in the Complaint that the amount of damages claimed does not exceed $10,000. (Compare Notice of Removal, p. 2, with Complaint, p. 1, ¶ 1(c)); see Matheson, 319 F.3d at 1090.

**SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-05689 PA (Ex) | Date | September 15, 2008 |
|---|---|---|---|
| Title | U.S. Bank. Nat'l Assn. v. Rosa Maria Baez | | |

    Therefore, Plaintiff has failed to meet her burden to demonstrate the Court's jurisdiction based on either a federal question or diversity. Accordingly, the Court remands this action to Los Angeles Superior Court, case number 08U01777. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.